IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LAWRENCE EDWARD BELL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-CV-534-RWS-JBB |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Petitioner Lawrence Edward Bell initiated this action by filing, in place of his petition for a writ of habeas corpus, correspondence indicating only his intent to file a petition for a writ of habeas corpus. *See* Docket No. 3. Subsequently, Petitioner filed a motion for extension of time to file a habeas corpus petition. *See* Docket No. 8. The case was referred to United States Magistrate Judge Boone Baxter in accordance with 28 U.S.C. § 636.

On July 2, 2025, the Magistrate Judge issued a report and recommendation, recommending that Petitioner's motion for an extension of time to file a federal habeas petition be dismissed without prejudice for lack of jurisdiction. Docket No. 9 at 3. A copy of the Report and Recommendation was sent to Petitioner at his last known address, but no objections have been received to date. The Fifth Circuit has explained that where a letter is properly placed in the United States mail, a presumption exists that the letter reached its destination in the usual time and was actually received by the person to whom it was addressed. *Faciane v. Sun Life Assurance Co. of Can.*, 931 F.3d 412, 420–21 & n.9 (5th Cir. 2019).

Because no objections have been received, Petitioner is barred from *de novo* review by the District Judge of the Magistrate Judge's proposed findings, conclusions, and recommendations. Moreover, except upon grounds of plain error, an aggrieved party is barred from appellate review

of the unobjected-to factual findings and legal conclusions accepted and adopted by the District Court. *See Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017); *Arriaga v. Laxminarayan*, No. 4:21-CV-00203-RAS, 2021 WL 3287683, at *1 (E.D. Tex. July 31, 2021).

The Court has reviewed the pleadings in this case and the Report and Recommendation of the Magistrate Judge. Upon such review, the Court has determined that the Report and Recommendation of the Magistrate Judge is correct. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (where no objections to a magistrate judge's report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law"). The Court finds that dismissal without prejudice of the above-captioned case is also warranted. It is clear from the record that Petitioner has, to date, not filed a petition for a writ of habeas corpus on the docket. Without an excuse or justification for not filing such a petition, the Court lacks jurisdiction to preside over or grant any relief in the above-captioned case. *See, e.g.*, Judgment at 2, *Williams v. Texas*, No. 3:25-CV-0612-S-BK (E.D. Tex. May 2, 2025), ECF No. 6 (closing case when dismissing without prejudice a motion for extension of time to file a habeas corpus petition under 28 U.S.C. § 2254). Accordingly, it is

**ORDERED** that the Report and Recommendation of the Magistrate Judge (Docket No. 9) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Plaintiff's motion for an extension of time to file a habeas corpus petition (Docket No. 8) is **DENIED**. It is further

**ORDERED** that the above-captioned case is **DISMISSED WITHOUT PREJUDICE**.

Additionally, Petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b). The standard for granting

a certificate of appealability requires the petitioner to make a substantial showing of the denial of a constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). In making that substantial showing, the petitioner need not establish that he or she should prevail on the merits. Rather, he or she must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483–84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). "Any doubt regarding whether to grant a [certificate of appealability] is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination." *See Miller v. Johnson*, 200 F.3d 274, 280–81 (5th Cir. 2000).

The Court adopts and incorporates by reference the Magistrate Judge's findings, conclusions, and recommendations filed in this case in support of its finding that Petitioner has failed to show that jurists of reason would find it debatable whether the district court was correct in its ruling that the Court lacks jurisdiction to entertain the above-captioned case or Plaintiff's motion for extension of time. *Slack*, 529 U.S. at 484. Moreover, a court could not resolve the issues in a different manner, and the questions presented are not worthy of encouragement to proceed further. Accordingly, the Court **DENIES** a certificate of appealability *sua sponte*.

**So ORDERED and SIGNED this 6th day of August, 2025.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE